# MEMORANDA DECISIONS

---

## CASES WITHOUT OPINIONS

---

INTERSTATE MANUFACTURING COMPANY

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Androscoggin County. Decided June 6, 1923. In an action brought under R. S., Chap. 57, Sec. 63, the plaintiff recovered a verdict of $11,916.18 for damages alleged to have been caused by sparks or cinders from an engine of the defendant company.

*Held:*

1. That on the primary question of the cause of the fire the plaintiff was permitted to substantiate his case by circumstantial evidence and such permissible inferences therefrom as might be properly drawn from the facts proved, but not by mere surmise or conjecture.

2. The nearness of the property to the railroad track, only sixty-six feet, the presence of the defendant's locomotive with an extra freight train, of about twenty-five cars, and the shifting of one of the cars to a side track just before the fire was discovered, the shifting taking place nearly or quite opposite the plaintiff's mill, the point where the fire started, in a pile of shavings outside and at the corner of the mill if plaintiff's witnesses were believed, and the direction of the wind from the track to the mill, were all circumstances for the consideration of the jury. Some of them were sharply contradicted by the defendant. The case is undoubtedly close but we do not think on this point that the verdict is manifestly wrong.

3. On the question of damages a majority of the court are of the opinion that they are grossly excessive and that the sum of seven thousand five hundred dollars will amply compensate the plaintiff

for all its loss. The entry will therefore be, Motion sustained unless the plaintiff within thirty days from filing of rescript remits all the verdict in excess of $7,500. If remittitur is seasonably filed, motion overruled. *Frank A. Morey*, for plaintiff. *Charles B. Carter of White, Carter and Skelton*, for defendant.

T. F. CASSIDY & SON

*vs.*

ROGERS AND WEBB and MORISON BROTHERS, Trustees.

Penobscot County. Decided June 12, 1923. This case as it was tried and comes to us upon motion after verdict, presents a pure question of fact.

The testimony is flatly contradictory. The defendant Webb and one witness confuted, absolutely, the testimony of the plaintiffs and their two witnesses.

We are of the opinion, however, that the plaintiffs sustained the burden of the proof.

The controversy was over an alleged oral agreement on the part of the defendants to become responsible, as original promisors, for certain material which had been furnished and to be furnished to the Boston & Penobscot Ship Building Co. for the completion of a ship in which the defendants had become large owners on the date of the alleged promise, July 29, 1919.

Later the plaintiffs took a trade acceptance of the Ship Building Co. for the amount of their bill, $1,646.15, which was renewed once or twice, and then protested for nonpayment. After this had happened the plaintiffs wrote the defendants in regard to the protest, stating the amount of their bill to be $1,646.15. We think the defendants' letter in reply to the plaintiffs' communication, stating the amount of their bill, contains a clause that may be regarded as a recognition of the plaintiffs' bill, as distinguished from the other bills. The letter says, "For your information we beg to advise that we gave the Shipbuilding Company a check covering your bill the day